Lester N. GARDNER, Appellant,

v.

Mona D. GARDNER, Respondent.

No. WD 45042.

Missouri Court of Appeals,
Western District.

May 12, 1992.

Donald Lee Slyter, Donald E. Raymond, Kansas City, for appellant.

Ronald W. McFerrin, Grandview, for respondent.

Before HANNA, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Lester N. Gardner appeals from a decree dissolving his marriage to Mona D. Gardner challenging the award of maintenance, the division of property and the allocation of debt.

The parties were married on September 8, 1984, and the marriage was dissolved on June 5, 1991. Pursuant to the decree of dissolution, Mr. Gardner was awarded as his separate property the following:

1. The 1979 Chevrolet pick-up;
2. The 1987 Chevrolet pick-up;
3. The paddle boat;
4. The camper;
5. The checking account at Bannister Bank;
6. Railroad retirement fund;
7. Two (2) lots at the Lake of the Ozarks;
8. Cemetery lots located at Lamont, Missouri; and
9. All personal property presently in his physical possession.

Mr. Gardner was ordered to pay all marital debts of the parties which consisted of the following:

a. Mastercard debt in the amount of approximately $5,400 in the name of Respondent;
b. Citibank debt in the amount of approximately $3,700 in the name of Respondent;
c. St. Joseph Hospital in the amount of $151;
d. Hospital Hill debt in the amount of $535;
e. United Missouri Bank of Kansas City $7,100;
f. United Postal Savings $38,000;
g. Yvonne Hall $5,500;
h. Climate Master–United Missouri Bank $8,000;
i. Visa Card $350;
j. Discover Card $400;
k. Norwest Finance $2,300; and
l. Bannister Ridge Apartments $1,260.

Additionally, Mr. Gardner was ordered to pay Ms. Gardner the sum of $2,500 as

maintenance in gross and Ms. Gardner's attorney's fees in the amount of $750.

Ms. Gardner was awarded the following items of personal property:

1. China cabinet;
2. Microwave cart;
3. VCR and VCR tapes; and
4. All personal property presently in her physical possession.

On appeal, Mr. Gardner presents four points. The first two points charge as error the award by the trial court of maintenance in gross to Ms. Gardner. Mr. Gardner's argument that Ms. Gardner agreed to forego her claim for maintenance, thus waiving said claim is dispositive in regard to the award of maintenance.

■ The trial court is vested with considerable discretion in granting maintenance. *In re Marriage of Schatz,* 768 S.W.2d 607, 612 (Mo.App.1989). This court will interfere with an award of maintenance only when the award is "patently unwarranted or is wholly beyond the means of the spouse who pays maintenance." *Id.* (citations omitted). "The judgment is presumptively correct, and [Mr. Gardner] has the burden to demonstrate that it is erroneous." *Id.* at 613.

However, the record reflects that the only matter in dispute before the trial court was the division of property. With respect to the claim of Ms. Gardner for maintenance in gross, at the beginning of the hearing the following colloquy took place:

THE COURT: What are the matters in dispute?

COUNSEL FOR MR. GARDNER: Division of property, Judge and I think—

THE COURT: Is that it?

COUNSEL FOR MS. GARDNER: *And a claim of maintenance in gross but I believe [Ms. Gardner] is willing to forego that at this time as she's presently employed.*

(Emphasis added).

THE COURT: All right. So are we really talking about division of property, right?

COUNSEL FOR MR. GARDNER: Yes, Judge.

COUNSEL FOR MS. GARDNER: Yes, Judge.

THE COURT: We can restrict the evidence to division of property?

COUNSEL FOR MS. GARDNER: We can.

THE COURT: Very well, let's proceed.

As previously set forth, all property, with the exception of a few items, was awarded to Mr. Gardner, together with all debt. In awarding maintenance to Ms. Gardner, the trial court stated, "Now, my intention was basically to pay the debts of [Ms. Gardner], to grant her $2,500 gross maintenance and pay her attorney's fees."

■ The question thus presented is whether Ms. Gardner effectively waived her right to maintenance. "An award of maintenance ... issues only to a spouse who *seeks* maintenance." *Samuels v. Samuels,* 713 S.W.2d 865, 871 (Mo.App. 1986). "A waiver of a claim to maintenance made in open court voluntarily ... should be given effect at trial." *Id.* A review of the record leads to the conclusion that Ms. Gardner accomplished a waiver of her claim for maintenance on the basis that she had recently become employed. Because Ms. Gardner waived her claim to maintenance, the award of maintenance by the trial court amounts to an error of law and must be reversed.[1]

In point three, Mr. Gardner claims that the trial court erred by failing to set out, in the decree of dissolution, the legal description of certain real property awarded him in the decree. The point is conceded in Ms. Gardner's brief. Therefore, the cause is remanded with directions that the decree be amended to reflect the legal descriptions

1. In light of the fact that this cause is being remanded as addressed in subsequent points, the trial court can consider on remand whether Ms. Gardner is entitled to any other relief, such as a judgment in her favor, in order to balance the equities of the division of property. It should further be noted that the Missouri Supreme Court has held that maintenance in gross is no longer recognized as a tool for providing economic sustenance. *Cates v. Cates,* 819 S.W.2d 731, 738 (Mo. banc 1991).

of the house located at 9005 Stark, Kansas City, Missouri, and the two lots at the Lake of the Ozarks, all of which were awarded to Mr. Gardner in the decree.

Mr. Gardner argues next, and Ms. Gardner agrees, that the amounts designated for certain of the debts listed in the decree did not reflect the amounts admitted into evidence at trial. Both parties agree that the decree should have listed the correct amounts as follows:

| | |
|---|---:|
| Mastercard: | $ 5,000.00 |
| Citibank: | 2,695.83 |
| St. Joseph's Hospital: | 91.00 |
| Hospital Hill: | 71.00 |
| TOTAL: | $ 7,857.83 |

On remand, the decree should be amended so as to reflect the above listed, correct figures.

In his final argument on appeal, Mr. Gardner takes issue with the following provision of the decree:

IT IS FURTHER ORDERED AND ADJUDGED BY THE COURT that [Mr. Gardner] shall pay all of the debts of the parties as recited hereinabove and hold [Ms. Gardner] harmless thereon, and in default thereof in excess of thirty (30) days let execution issue.

Mr. Gardner argues under this point that this portion of the judgment was not enforceable by execution.

A court has authority to distribute debts in the sense that one party may be assigned the primary duty to pay a debt and hold the other harmless thereon. *Alvino v. Alvino*, 659 S.W.2d 266, 272 (Mo.App. 1983). However, an execution can issue only on liability finally established and can only correspond with the judgment on which it is founded. *State ex rel. Turner v. Sloan*, 595 S.W.2d 778, 781 (Mo.App. 1980). A money judgment must state with certainty the amount for which it is rendered, or if the amount is not stated, it must be ascertainable from the record to be enforceable by execution. *Meyer v. Meyer*, 599 S.W.2d 6, 7 (Mo.App.1980). However, if a dissolution decree is uncertain or indefinite, in the sense that it lacks pristine specificity, but the decree can be made certain by a motion and hearing to determine the exact amounts due by ministerial computation or evidence, the decree upon being reduced to certainty, is sufficiently certain and definite so as to be enforceable. *Echele v. Echele*, 782 S.W.2d 430, 436 (Mo.App.1989).

In the case at bar, Mr. Gardner is held liable to Ms. Gardner for any loss that she might suffer as a result of his failure to pay the marital debts as ordered. However, the dollar amount of that liability is not established in the decree because it is dependent upon a loss that Ms. Gardner has not yet suffered. Therefore, the extent of Mr. Gardner's liability to Ms. Gardner is not stated with certainty or finally established by the decree. However, upon Ms. Gardner's suffering a loss, the exact amount due under the terms of the decree can be established by motion and hearing.[2]

The judgment of the trial court directing that Mr. Gardner pay all the debts of the parties as recited in the decree and hold Ms. Gardner harmless is not enforceable by execution without motion and hearing. The terms of the decree indicating otherwise are null and void.

In view of the foregoing, the judgment is affirmed in part, reversed in part and remanded for revision as directed herein.

All concur.

---

**2.** This is commonly accomplished by way of a motion to cite for contempt.