**Donald W. FARRIS, Appellant,**

**v.**

**Hope Jean FARRIS (Englemann), Respondent Pro Se.**

**No. WD 59946.**

Missouri Court of Appeals,
Western District.

May 21, 2002.

Michael C. McIntosh, Independence, for appellant.

Hope Jean Farris Englemann, Grandview, respondent pro se.

Before: PAUL M. SPINDEN, C.J., ROBERT G. ULRICH and EDWIN H. SMITH, JJ.

ROBERT G. ULRICH, Judge.

Donald Farris (Husband) appeals the judgment of the trial court dissolving his marriage to Hope Jean Farris (Englemann) (Wife). He claims that the trial court erred in awarding Wife maintenance and in dividing his pension plan. The judgment of the trial court is affirmed in part and reversed in part.

Husband and Wife were married for eleven years. No children were born of the marriage. Husband had been employed since 1973 by Southwestern Bell and earned $4,053 per month. During the marriage, Wife did cleaning work and chauffeured elderly people. At the time of trial, she was employed by King Louie International earning $8.25 per hour. She was temporarily working 30 hours a week because business was slow but expected to return to full time.

At trial, Wife appeared *pro se*. She did not file an income and expense statement; however, the court questioned Wife about her income and expenses. In its judgment of dissolution of marriage, the court attributed to Wife monthly expenses of $2,083, found that she lacks sufficient property to provide for her reasonable needs and is unable to fully support herself through appropriate employment, and ordered Husband to pay Wife $750 per month in maintenance. The trial court also awarded Wife fifty percent of Husband's Southwestern Bell pension from May 15, 1989, the date of the parties' marriage, to the date of the judgment. Husband's appeal followed.

### Standard of Review

A decree of dissolution will be affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Griffin v. Griffin*, 986 S.W.2d 534, 536 (Mo.App. W.D.1999). A trial court has wide discretion in dividing marital property. *Griffin*, 986 S.W.2d at 536. An appellate court will only interfere with a trial court's division of marital property if the division is so heavily weighted in favor of one party as to amount to an abuse of discretion. *Id.* A trial court also has considerable discretion in determining whether to award maintenance, and its decision will not be reversed absent an abuse of discretion. *Id.*

### I. Division of Pension Plan

Husband claims that the trial court erred in dividing his pension plan.[1] He contends that (1) Wife testified that she

---

1. For organizational purposes in this opinion, Husband's points relied on and arguments are not addressed in the order presented in his brief.

did not seek a portion of the pension plan, (2) the trial court's comments before presentation of the evidence showed a predisposition in favor of Wife, and (3) the division of his pension plan was based on a finding that Wife was a victim of his domestic abuse, which was not supported by the evidence.

Husband first argues that the trial court erred in dividing the pension plan because Wife testified that she did not seek a portion of the pension plan. Thus, Husband's claim is that Wife waived any right she might have to his pension plan. A waiver is the intentional relinquishment of a known right that may be implied from a party's conduct. *Grannemann v. Columbia Ins. Group,* 931 S.W.2d 502, 505–506 (Mo.App. W.D.1996). "To be so implied, the conduct must clearly and unequivocally show a purpose to relinquish the right." *Id.* at 506. *See also State v. Pope,* 50 S.W.3d 916, 920 (Mo.App. W.D. 2001)(the determination of whether a waiver is knowing and intelligent is based on the totality of the circumstances).

At trial, the court asked Wife, "What are you asking the Court to do regarding the division of your marital property and marital debt?" Wife answered, "I'd like him to pay off my car, and give me back my name, give me my stuff that's at the lake." Wife's answer did not constitute a waiver of her interest in the martial portion of Husband's Southwestern Bell pension plan. Neither Wife nor the court referenced the pension plan. Wife did not expressly and unequivocally state that she was not seeking a portion of the pension, and nothing in Wife's statement to the court implied that she intended to waive this interest. Furthermore, Wife was not represented by counsel, was not sophisticated or trained in the law, and may not have known that a part of the pension was marital property when she made the state-

ment to the court. Regardless whether the trial court believed Wife waived her interest in Husband's pension, under these circumstances, she did not.

Next, Husband contends that the trial court's comments before presentation of the evidence showed a predisposition in favor of Wife. A trial judge should at all times maintain an impartial attitude and a status of neutrality. *Roe v. Ross,* 701 S.W.2d 799, 804 (Mo.App. W.D.1985). A lack of impartiality is shown where a trial judge decides a controversy without hearing the evidence that ought to resolve it. *Rutlader v. Rutlader,* 411 S.W.2d 826, 831 (Mo.App.1967). The mere fact that a ruling is made against a party, however, does not show bias or prejudice on the part of the judge. *Robin Farms, Inc. v. Bartholome,* 989 S.W.2d 238, 247 (Mo.App. W.D.1999).

The court made the following comments during trial:

I—I'm telling you right now I'm not going to let her waive her portion of the pension. They've been married more than ten years. And I am going to give her half of the pension that accrued from the date of the marriage to the date of the divorce. The pension that accumulated prior to that time I won't touch. But I'm not going to—not going to permit her to waive a portion of that pension when she doesn't have any retirement benefits of her own.

While the trial court's comments before the end of the trial may have been gratuitous because wife did not waive her entitlement to portion of the pension, the court's comments did not demonstrate a lack of impartiality considering the evidence then before it and the relevant factors for division of marital property. Under section 452.330.1, RSMo 2000, the trial court must divide the marital property and

marital debts "in such proportions as the court deems just after considering all relevant factors...." Relevant factors to be considered in the division of marital property include:

(1) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children;

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(3) The value of the nonmarital property set apart to each spouse;

(4) The conduct of the parties during the marriage; and

(5) Custodial arrangements for minor children.

§ 452.330.1, RSMo 2000.

▇▇ The evidence revealed that Husband and Wife had been married for eleven years. Husband testified that he had been employed by Southwestern Bell since 1973 and that he had a pension plan with the company. Husband earned $4,053 per month. Wife testified that during the marriage, she did cleaning work and chauffeured elderly people. At the time of trial, she was employed by King Louie International earning $8.25 per hour. She testified that she did not have any retirement plans.[2] Excluding his share of the South-western Bell pension plan, the value of which was undisclosed, Husband received nonmarital property valued at $10,725. He received marital property valued at $30,960 and marital debt of $20,620 for a net value of marital property of $10,340. Excluding Wife's share of the Southwestern Bell pension plan, she received nonmarital property valued at $910. She received marital property valued at $10,670 and marital debt of $6,500. The net value of the marital property awarded to Wife was $5,080. The court's division of marital property resulted in Husband receiving sixty-seven percent of the marital property and Wife receiving thirty-three percent. Given this property division, which was favorable to Husband, the trial court's award to Wife of fifty percent of the marital portion of Husband's Southwestern Bell pension was not an abuse of discretion and did not render the division of property unduly weighted in favor of Wife.

Finally, Husband contends that the trial court erred in dividing his pension plan based on its finding that Wife was the victim of his domestic violence. He contends that the evidence did not support the finding. While the trial court did make a finding that Wife was a victim of Husband's domestic violence and the record of the evidence does not support such finding, the finding was cited as a factor only in the court's award of maintenance to Wife. The trial court did not make this finding in reference to its property division. The point is denied.

2. Much of the evidence of the case was presented before the witnesses were sworn. For example, the court questioned both Husband and Wife regarding their employment and pensions before they were sworn. Husband and Wife were eventually sworn. Husband, however, does not specifically raise the issue of the parties' unsworn testimony on appeal and did not object to the testimony at trial. Any challenge to this issue is, therefore, deemed abandoned by Husband. *See Ruffin v. City of Clinton,* 849 S.W.2d 108, 111 (Mo. App. W.D.1993)(appellant's claim that no oath or affirmation was administered to any witness was abandoned where he failed to make argument or produce case law on the claim and where he made no objection at trial that witnesses testified without benefit of oath or affirmation).

## II. Maintenance

Next, Husband claims that the trial court erred in awarding Wife maintenance of $750 per month. Husband claims that (1) Wife waived maintenance, (2) Wife did not show that she was unable to support herself through appropriate employment because the evidence demonstrated that Wife's expenses were nearly equal to her income and that her income would exceed her expenses if she worked full-time, (3) no sufficient basis existed for the trial court to impute expenses to Wife, and (4) the maintenance award was based on a finding that Wife was a victim of his domestic abuse, which was not supported by the evidence.

Husband's first argument is dispositive of his claim that the trial court erred in awarding maintenance to Wife. Wife waived a claim to maintenance. At trial, the court asked Wife, "Are you seeking maintenance or alimony?" Wife answered, "No." An award issues only to a spouse who seeks maintenance. *Gardner v. Gardner,* 830 S.W.2d 559, 561 (Mo.App. W.D.1992); *Samuels v. Samuels,* 713 S.W.2d 865, 871 (Mo.App. W.D.1986). A waiver of a claim to maintenance made in open court voluntarily and understandingly should be given effect at a trial. *Gardner,* 830 S.W.2d at 561; *Samuels,* 713 S.W.2d at 871. Because Wife waived her claim to maintenance in open court, the trial court erred in awarding Wife maintenance. The award of maintenance must, therefore, be reversed. *Gardner,* 830 S.W.2d at 561.

The judgment of the trial court is affirmed in part and reversed in part.

PAUL M. SPINDEN, C.J., and EDWIN H. SMITH, J., concur.