Carol E. ALBERTY, Appellant–Respondent,

v.

William E. ALBERTY, Respondent–Appellant.

Nos. WD 68613, WD 68720.

Missouri Court of Appeals,
Western District,
Division Three.

Aug. 26, 2008.

Charles J. Dykhouse, Esq., Columbia, MO, for appellant.

Timothy Alexander Reuschel, Esq., Kirksville, MO, for respondent.

Before JOSEPH M. ELLIS, P.J., RONALD R. HOLLIGER and JOSEPH P. DANDURAND, JJ.

JOSEPH P. DANDURAND, J.

Carol Alberty (Wife) appeals and William Alberty (Husband) cross appeals from the trial court's judgment and decree of dissolution of marriage. Both challenge the trial court's award of maintenance to Wife. The judgment is affirmed in part and reversed in part.

## Facts

The parties were married on June 27, 1970. At the time of trial in November 2006, the parties had been married for thirty-six years, and Wife was almost fifty-eight years old. At the beginning of the marriage, Wife had a bachelor's degree in child development and family relations, had obtained a temporary teaching certificate, and began taking further education

courses. She worked for three years as a teacher. She then became a homemaker and cared for the parties' children. She did not work outside of the home for the thirty-three years prior to trial. Wife was not qualified to teach at the time of trial and did not have a teaching certificate.

Wife suffers from several medical problems. She has had two back surgeries, a discectomy in 2003 and a fusion in 2004. She also suffers from diverticulitis, which resulted in a surgery and hospitalization shortly before trial. A letter written by Wife's physician was introduced into evidence and outlined her limitations. Specifically, the physician recommended that she not lift more than fifteen pounds or engage in repetitive bending, lifting, climbing, or crawling. He also recommended that Wife avoid staying in one position for more than thirty minutes at a time. Wife further testified that if she sits or stands for too long, she experiences stiffness or pain in her back and legs. Finally, Wife testified that she is willing to work and that she has looked online and in the newspaper but has not found employment that she is qualified for or physically able to do.

During the marriage, Husband practiced law in Edina and served as the prosecutor of Knox County. For the five years prior to the trial, Husband's average income was $106,000 per year. At the time of trial, he had been elected to serve as an associate circuit judge in Knox County. His four-year term began January 1, 2007. As an associate circuit judge, he would earn $8000 per month. Husband agreed at trial that Wife needed maintenance and proposed to pay her $2500 per month for four years since he only planned to serve one term. Husband also testified that if he did seek a second term, he should pay maintenance for as long as he was actively employed as a judge.

In 1984, Wife caught Husband with another woman, his legal secretary. At the time, Husband admitted to kissing and touching the woman, and promised it would never happen again. The parties reconciled. In 2000, Wife discovered Husband and the same woman in a compromising position in his office. Again, the parties attempted to reconcile. Ultimately, Wife decided she could not trust or respect Husband, and the parties separated in September 2005. Wife subsequently moved from Edina to Columbia.

Trial was held in November 2006. The trial court entered a Qualified Domestic Relations Order (QDRO) on February 26, 2007, awarding Wife fifty percent of Husband's prosecutor retirement benefits for a monthly income of $1046. The trial court entered its judgment and decree of dissolution of marriage on May 2, 2007. The court ordered Husband to pay Wife maintenance of $2600 per month for four years. It also designated the maintenance award as non-modifiable. This appeal by Wife and cross appeal by Husband followed.

## Standard of Review

A decree of dissolution will be affirmed on appeal unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Farris v. Farris*, 75 S.W.3d 345, 347 (Mo.App. W.D.2002). The evidence is viewed in the light most favorable to the decree, and all evidence to the contrary is disregarded. *Henning v. Henning*, 72 S.W.3d 241, 245 (Mo.App. W.D. 2002). "The party challenging the dissolution judgment has the burden of demonstrating error." *Id.*

A trial court has broad discretion in determining whether to award maintenance. *Farris*, 75 S.W.3d at 347. Its

decision will not be reversed absent an abuse of discretion. *Id.* A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to indicate indifference and a lack of careful judicial consideration. *Cohen v. Cohen*, 73 S.W.3d 39, 53 (Mo.App. W.D.2002). "If reasonable persons can differ about the propriety of the trial court's action, it cannot be said that the trial court abused its discretion." *Id.*

## Points on Appeal

In their appeals, Wife and Husband both challenge the trial court's award of maintenance. Wife claims that the trial court abused its discretion in limiting the duration of her maintenance, designating it as non-modifiable, and prospectively decreasing the award upon her receipt of Social Security benefits. Husband contends that the trial court abused its discretion in failing to impute income to Wife in determining the maintenance award.

■■ A trial court may award maintenance to a spouse if it finds that the spouse: (1) lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs and (2) is unable to support herself through appropriate employment. § 452.335.1, RSMo 2000; *Donovan v. Donovan*, 191 S.W.3d 702, 705 (Mo.App. W.D. 2006). "The spouse seeking maintenance has the burden of establishing these threshold requirements." *Donovan*, 191 S.W.3d at 705. Once the trial court determines that maintenance is warranted, it must consider the following factors in determining the amount and duration of maintenance:

(1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(3) The comparative earning capacity of each spouse;

(4) The standard of living established during the marriage;

(5) The obligations and assets, including the marital property apportioned to him and the separate property of each party;

(6) The duration of the marriage;

(7) The age, and the physical and emotional condition of the spouse seeking maintenance;

(8) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance;

(9) The conduct of the parties during the marriage; and

(10) Any other relevant factors.

§ 452.335.2, RSMo 2000; *Sweet v. Sweet*, 154 S.W.3d 499, 504–05 (Mo.App. W.D. 2005). "The court is to apply the factors so as to balance the reasonable needs of the spouse seeking maintenance against the ability of the other spouse to pay." *Sweet*, 154 S.W.3d at 505.

## Husband's Cross Appeal

Husband's cross appeal is addressed first. In his sole point, he claims that the trial court abused its discretion in failing to impute income to Wife in determining the maintenance award. Specifically, Husband contends that substantial evidence was presented that Wife had the desire and ability to work but had not sought

employment based on the advice of her attorney.

 " 'The purpose of maintenance is to assist a spouse who is unable to be self-supporting through appropriate employment.' " *Thomas v. Thomas,* 76 S.W.3d 295, 302 (Mo.App. W.D.2002)(quoting *Creech v. Creech,* 992 S.W.2d 226, 229–30 (Mo.App. E.D.1999)). " 'Appropriate employment' is employment that is appropriate to a person's skills and interests." *Id.* The decision whether to impute income to a spouse in awarding maintenance depends upon the particular facts of each case. *Id.* at 303. The trial court can impute income to a spouse seeking maintenance according to what she could earn using her best efforts to gain employment suitable to her capabilities. *Id.*

In this case, Husband conceded at trial that Wife needed maintenance. He only disputes the amount of the award arguing that income should have been imputed to Wife based on her ability to partially support herself through employment.

 The trial court expressly declined to impute employment income to Wife "[g]iven the age, physical limitations, and specific skills of [Wife]." This decision was supported by substantial evidence in the record. Wife turned fifty-eight years old the week after trial. She had not been employed outside the home for most of the marriage, specifically, the thirty-three years prior to trial. Although she had a bachelor's degree in child development and family relations and had worked as a teacher at the beginning of the marriage, Wife was not qualified to teach at the time of trial and did not have a teaching certificate. Furthermore, Wife suffers from several medical problems. Since 2003, she has had two back surgeries and an additional surgery and hospitalization because of diverticulitis. According to her physician, she cannot lift more than fifteen pounds, engage in repetitive bending, lifting, climbing, or crawling, or sit or stand in one position for more than thirty minutes at a time.

Wife testified that she is willing to work but is unsure what she would be able to do with her physical limitations and lack of qualifications. She also stated that the emotional toll and stress caused by her move to Columbia, being on her own for the first time in her life, and the ending of her marriage further delayed her obtaining a job. Regarding her attorney's advice about seeking employment, Wife explained that she told her attorney three weeks after moving to Columbia that she wanted to get a job but that she had all of these concerns. They both decided Wife should not rush out to find employment until she was mentally ready. Wife further testified that although she has not yet applied for any jobs, she has been searching the newspaper and online ads but has not found employment that she is qualified for or physically able to do. Based on the particular facts of this case, the trial court did not abuse its discretion in failing to impute income to Wife for maintenance purposes. The point is denied.

## Wife's Appeal

In Wife's appeal, she claims that the trial court abused its discretion in limiting the duration of her maintenance, designating it as non-modifiable, and prospectively decreasing the award upon her receipt of Social Security benefits. Wife introduced two income and expense statements into evidence—one establishing her monthly expenses at $3188 and the second establishing her monthly expenses at $5281 if she were to buy a house. The trial court found that Wife will require $3600 per month to meet her reasonable needs, which was supported by the evidence. Wife receives $1046 from prosecutor re-

tirement benefits. The trial court, therefore, ordered Husband to pay $2600 per month in maintenance.[1] The court, however, limited the duration of the maintenance award to four years and designated it non-modifiable.

■ "[T]he judicial preference is for a maintenance award of unlimited duration." *Lincoln v. Lincoln*, 16 S.W.3d 346, 347 (Mo.App. W.D.2000). A maintenance award of limited duration is justified only where there is substantial evidence of an impending change in the financial condition of the parties. *Id.* " 'Maintenance awards of limited duration cannot be based on mere speculation as to the future conditions of the parties.' " *Haynes v. Almuttar*, 25 S.W.3d 667, 673 (Mo.App. W.D.2000)(quoting *Tillock v. Tillock*, 877 S.W.2d 161, 162 (Mo.App. E.D.1994)). If no evidence is presented or no reasonable expectation can be made that the circumstances of the parties will be markedly different in the future, maintenance should not be prospectively terminated or decreased. *Laffey v. Laffey*, 72 S.W.3d 143, 151 (Mo.App. W.D.2002); *Lincoln*, 16 S.W.3d at 347. "In determining a spouse's ability to support herself in the future, 'the trial court may consider probable future prospects, but the evidence must justify the inference that the spouse will realize such expectations.' " *Haynes*, 25 S.W.3d at 673 (quoting *Burrus v. Burrus*, 754 S.W.2d 882, 886 (Mo.App. W.D.1988)). "The benefits or potential benefits derived from social security are economic factors to be considered, along with other factors, in the award of maintenance." *Laffey*, 72 S.W.3d at 151; *Milligan v. Helmstetter*, 15 S.W.3d 15, 23 (Mo.App. W.D.2000).

■ Similarly, modifiable maintenance awards are generally preferred by trial courts. *In re Marriage of Michel*, 142 S.W.3d 912, 925 (Mo.App. S.D.2004). This is so because maintenance is founded on need and may extend only as long as the need exists. *Id.; Burnett v. Burnett*, 18 S.W.3d 27, 33 (Mo.App. W.D.2000). " 'Thus, if it is uncertain that future events might obviate the need or basis on which maintenance is predicated, the award should be modifiable.' " *Burnett*, 18 S.W.3d at 33 (quoting *Allen v. Allen*, 927 S.W.2d 881, 890 (Mo.App. W.D.1996)). A non-modifiable maintenance award must be justified by the facts and circumstances of the particular case. *Michel*, 142 S.W.3d at 925; *Burnett*, 18 S.W.3d at 33.

At trial, Husband proposed that he pay Wife $2500 per month in maintenance for four years. Evidence was introduced that Wife will be eligible to receive Social Security benefit payments of between $800 and $1080 when she turns sixty-two years old in four years. Husband also testified that he plans on serving only one term, four years, as an associate circuit judge because he will reach the mandatory retirement age of seventy years old during the third year of a second term. If, however, he does serve a second term, he would agree to continue providing maintenance.

■ This evidence, however, does not support the limitation of the duration of the maintenance award or its designation as non-modifiable. First, while the evidence demonstrated that Wife has a reasonable expectation that she will be eligible to receive Social Security payments of between $800 and $1080 when she turns sixty-two years old, she would still be left with a deficit of $1520 to $1800 to meet her reasonable needs if maintenance terminates at that point. The future receipt of

---

1. Husband does not raise the issue of whether the $2600 maintenance award together with the $1046 Wife receives in prosecutor retirement benefits exceeds Wife's reasonable needs of $3600 by $46, and the issue is not addressed in this opinion.

Social Security alone would not obviate Wife's need for maintenance.

Furthermore, while Husband testified that he planned to retire from his judgeship in four years, he also went on to state that if he continued to work a second term he would agree to continue providing maintenance. Specifically, Husband testified as follows:

Q: You are asking that the Court award Ms. Alberty maintenance in the amount of $2500 a month. Are you asking that the duration be limited?

A: I feel like it should be limited to the four years—starting January 1st, the four years I'm going to actively be working, which will be my first term as a judge. Or maybe a better way to put it, as long as I am judge. If for some reason I sought a second term, I would not be opposed to it continuing as long as I was actively employed. But once I retire, I feel like it ought to cease, because by that point she's going to get a good share of the retirement and she will be of an age at that point where she can draw Social Security benefits.

It is speculative whether Husband's ability to pay maintenance will decrease after four years. Husband himself testified that he should pay maintenance for as long as he was actively employed as a judge, which could be as long as seven years if he were to serve part of a second term.[2] Thus, the record does not support a reasonable expectation that the parties' circumstances will be markedly different in four years. To the contrary, uncontroverted evidence was offered that Wife's health insurance costs would rise from $500 per month to over $800 per month nine months after trial when her COBRA coverage expired and that her prescriptions of between $100 and $300 per month would not be covered by her new insurance. Additionally, Wife would not be eligible for Medicare for seven years. The trial court's termination of Wife's maintenance award after four years and its designation of the award as nonmodifiable were based on speculation and, thus, was an abuse of discretion.

■ The trial court, however, did not abuse its discretion in ordering that Husband's maintenance obligation shall decrease by any amount in Social Security benefits actually received by Wife upon reaching age sixty-two. As previously stated, the record demonstrated that Wife has a reasonable expectation that she will be eligible to receive Social Security payments when she turns sixty-two years old. Whatever amount Wife actually receives in Social Security benefits, the trial court's order reduces the maintenance award dollar-for-dollar. Regardless of the source, Wife is guaranteed to receive the additional $2600 per month to meet her reasonable needs. Reduction in Husband's maintenance obligation by the amount Wife receives from Social Security was supported by substantial evidence. See Laffey, 72 S.W.3d at 151 (where Wife had reasonable expectation that she would receive Social Security benefits in near future, trial court did not abuse its discretion in reducing maintenance award dollar-for-dollar based on the benefits she receives effectively making Husband the guarantor that Wife would receive a determinable amount of income); Estes v. Estes, 767 S.W.2d 370, 372–73 (Mo.App. W.D.1989)(trial court did not abuse its discretion in ordering $300 maintenance award to terminate on Wife's sixty-second birthday when she would be-

2. Husband argues that, at trial, Wife requested maintenance for only four years and cannot now argue on appeal that the trial court abused its discretion in limiting the duration of maintenance to four years. Review of the record reveals, however, that Wife requested maintenance for as long as Husband is employed—whether it be four or seven years.

come eligible for Social Security payments of $300).

### Conclusion

The judgment awarding Wife $2600 per month in maintenance is affirmed. Likewise, the trial court's order that Husband's maintenance obligation shall decrease by any amount in Social Security benefits actually received by Wife upon turning sixty-two years old is affirmed. The judgment limiting the duration of the maintenance award to four years and designating the award non-modifiable is reversed. It is ordered, adjudged, and decreed by the Court that Respondent, William E. Alberty shall pay to Petitioner, Carol E. Alberty, $2600 per month in modifiable maintenance without limit as to duration. **Rule 84.14.**

ELLIS, P.J., and HOLLIGER, J. concur.