Chris Koster, Atty. Gen., Daniel N. McPherson, Jefferson City, MO, for respondent.

Before KURT S. ODENWALD, P.J., GEORGE W. DRAPER III., J., and GARY M. GAERTNER, JR., J.

*ORDER*

PER CURIAM.

Lewis M. Johnson appeals from the trial court's judgment entered upon a jury verdict convicting him of the Class C felony of possession of a controlled substance in violation of Section 195.202 RSMo 2000. We have reviewed the briefs of the parties and the record on appeal and conclude that no reversible error occurred. An extended opinion would have no jurisprudential value. We have, however, provided a memorandum setting forth the reasons for our decision to the parties for their use only. We affirm the judgment pursuant to Missouri Rule of Criminal Procedure 30.25(b) (2009).

In re the MARRIAGE OF: Rita Kay
GLASCOCK and Stephen
Benjamin Glascock.

Rita Kay Glascock, Petitioner–
Respondent,

v.

Stephen Benjamin Glascock,
Respondent–Appellant.

No. SD 29990.

Missouri Court of Appeals,
Southern District,
Division One.

March 18, 2010.

James R. Sharp, Springfield, MO, for Appellant.

Respondent acting pro se.

JEFFREY W. BATES, Presiding Judge.

Rita Glascock (Wife) filed a petition requesting dissolution of her marriage to Stephen Glascock (Husband) and seeking an award of maintenance. At trial, Wife expressly waived her right to seek maintenance under oath in open court. Despite that waiver, the trial court awarded Wife the sum of $250 per month as maintenance. Husband appealed. He contends the award was error because Wife express-

ly waived her right to seek maintenance. This Court agrees. The judgment is reversed and the cause is remanded with instructions.

In August 2007, Wife filed a petition requesting dissolution of the parties' marriage. In the petition, Wife sought maintenance. The case was first tried in April 2008. In September 2008, the court entered a judgment that, *inter alia*, ordered Husband to pay Wife $650 per month as maintenance. Thereafter, Husband filed a timely motion asking for a new trial on several issues, including maintenance. With respect to that issue, Husband's motion alleged that the trial court erred in awarding maintenance to Wife by: (1) failing to impute any income to Wife; (2) inflating Wife's reasonable expenses; and (3) failing to take into consideration Husband's ability to pay the maintenance. In October 2008, the trial court sustained Husband's motion for new trial and set aside the first judgment.

The new trial was conducted on March 31, 2009. At the outset of this proceeding, the court made the following announcement:

Prior to going on the record, the parties and the Court had a discussion. It is the Court's understanding that the only issues that are going to be reopened and will—evidence will be presented on is the—are the issues of property and debt, the issue as to whether or not [Wife] is entitled to maintenance and the amount of that maintenance if the Court awards maintenance, the amount of child support to be paid by [Husband] and whether or not [Wife] is entitled to attorneys' fees and if so how much those attorneys' fees are to be awarded. Is that everybody's understanding?

[Wife's attorney]: That's my understanding about [Wife], Your Honor.

[Husband's attorney]: That's my understanding as well, Your Honor.

Wife was being examined by her attorney when the noon recess was taken. When court resumed, Wife returned to the stand and the following colloquy took place:

Q: Ma'am, this morning when we started this proceeding, one of the issues that you had me advise this Court was—was at issue today was that of maintenance or alimony?

A: Yes.

Q: And you and I have had time to discuss all of these issues, including that issue of maintenance, since this morning; have we not?

A: Yes, we have.

Q: And you have asked me to advise the Court this afternoon that you no longer wish to request of this Court maintenance or what you might refer to as alimony today; is that correct?

A: Correct. Correct.

Q: And you're doing that voluntarily today?

A: Yes.

Q: You've had ample time to think about this issue and—and decide that on your own?

A: Yes.

During the remainder of the trial, the subject of maintenance was not mentioned again.

In July 2009, the trial court filed an amended judgment which stated that "[Wife] has requested an award of maintenance" and granted her the sum of $250 per month. This appeal followed.

■ In this court-tried case, appellate review is governed by Rule 84.13(d). *In re Marriage of Denton*, 169 S.W.3d 604, 606 (Mo.App.2005).[1] This Court must affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *In re Marriage of Dolence*, 231 S.W.3d 331, 333 (Mo.App.2007).

■ Husband presents one point for decision. He contends the trial court misapplied the law by awarding Wife $250 per month as maintenance after she expressly waived her right to seek such relief at trial. This Court agrees.

■ A trial court may grant a maintenance order to a "spouse seeking maintenance" if two statutory requirements are proven. § 452.335.1(1)–(2). A spouse can expressly waive the right to seek maintenance. *See Souci v. Souci*, 284 S.W.3d 749, 760 (Mo.App.2009); *Craig–Garner v. Garner*, 77 S.W.3d 34, 38–39 (Mo.App. 2002); *Farris v. Farris*, 75 S.W.3d 345, 350 (Mo.App.2002); *Gardner v. Gardner*, 830 S.W.2d 559, 561 (Mo.App.1992); *In re Marriage of Noeltner*, 569 S.W.2d 8, 11 (Mo.App.1978).

■ In the case at bar, Wife testified under oath in open court that she was not seeking maintenance from Husband. It is apparent that she did so voluntarily after discussing the issue with her attorney. "A waiver of a claim to maintenance made in open court voluntarily and understandingly should be given effect at a trial." *Farris*, 75 S.W.3d at 350. Therefore, the trial court misapplied the law in awarding Wife $250 per month as maintenance. *Gardner*, 830 S.W.2d at 561; *Noeltner*, 569 S.W.2d at 11. Husband's point is granted.

The July 2009 amended judgment is reversed and the cause is remanded. On

---

1. All references to rules are to Missouri Court Rules (2009). All references to statutes are to RSMo (2000).

remand, the trial court is instructed to enter an amended judgment denying maintenance to Wife and stating that the denial of maintenance is nonmodifiable. § 452.335.3; *In re Marriage of Koch,* 185 S.W.3d 812, 816 (Mo.App.2006).

BARNEY and BURRELL, JJ., Concur.