

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| **CAROLYN KAY MARTIN,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD78527** |
| | ) | |
| **v.** | ) | **OPINION FILED: March 15, 2016** |
| | ) | |
| **JOHN TIMOTHY MARTIN,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Marco A. Roldan, Judge

Before Division Two: Cynthia L. Martin, Presiding Judge, Mark D. Pfeiffer, Judge and
Karen King Mitchell, Judge

Carolyn Kay Martin ("Wife") appeals from the trial court's judgment that dissolved her marriage with John Timothy Martin ("Husband"), divided marital property and marital debt, and denied her an award of maintenance. Wife challenges only the trial court's denial of an award of maintenance. We affirm the trial court's judgment.

## Factual and Procedural Background[1]

Wife and Husband married on October 17, 1992. Wife filed a petition for dissolution of marriage in March 2014. The petition asserted that "[Wife] is unable to support herself and is in need of maintenance from [Husband]." Husband filed an answer and cross-petition for dissolution of marriage which asserted that "neither party is in need of maintenance" because both Husband and Wife are "able-bodied and capable of providing for [themselves]."

Wife testified that she did not have a full-time job for the final eight to ten years of her marriage to Husband. During that time, Wife was a homemaker and stay-at-home grandmother. By the time of trial, however, Wife had found part-time permanent employment. Wife testified that she works approximately twenty-nine hours a week at an hourly rate of $13.50. There was evidence presented, however, that Wife worked eighty hours during a two-week period prior to trial. Wife testified that she receives $1,265 per month in Social Security benefits. Husband testified that he found a position for Wife where she could work forty hours per week and earn an hourly wage of $17.50. Wife did not pursue the opportunity because she wanted to find a job without Husband's assistance.

Wife filed an income and expense statement that reflected monthly expenses in the amount of $5,261. Wife admitted at trial that her expenses were inflated. While Wife's income and expense statement listed a monthly rent or mortgage payment in the amount

[1]"We view the evidence and any reasonable inferences therefrom in the light most favorable to the court's decision and disregard all contrary evidence and inferences." *Edwards v. Edwards*, 475 S.W.3d 218, 222 (Mo. App. W.D. 2015).

of $1,200, Wife testified that she did not actually incur that expense each month because she lives with her daughter. Wife testified that $1,200 represented an estimate of how much her rent or mortgage payment would be if she lived on her own. Wife admitted that although her income and expense statement indicated that she spends $400 per month on gas and oil for her vehicle, she actually spends $150 to $200 per month. Wife admitted that her income and expense statement inflated her actual monthly expenses for insurance, prescription drugs, utilities, and repair costs. Finally, Wife admitted that while her income and expense statement indicated that she spends $125 a month for college expenses, she does not attend college and does not incur that expense.

Husband testified that he works as the general manager of operations at Blue Springs Harley-Davidson. According to Husband's testimony, he earns $8,666 per month in salary and, on average, receives $2,833 in commission monthly. Husband's income and expense statement indicated that he has monthly expenses of $6,995, which includes payments for nearly all of the marital debt. Husband testified that, after paying his expenses, he has $600 at most remaining each month.

Following the hearing, the commissioner entered findings and conclusions, which the trial court adopted as its judgment ("Judgment"). The Judgment: (1) found that Wife is capable of working full-time; (2) found that Wife has the ability to earn approximately $3,604 gross per month; (3) awarded Wife two pieces of income-producing property -- her individual retirement account and half of Husband's retirement account; (4) awarded a pickup truck to Wife but assigned the truck payment to Husband; (5) concluded that Wife inflated her monthly expenses on the income and expense statement and found that a

3

closer estimate of her monthly expenses would approximate $3,000; and (6) concluded that Wife is not entitled to maintenance because she has sufficient property, including marital assets, to provide for her reasonable needs, and because she is able to support herself through appropriate employment.

Wife appeals.

## Standard of Review

A trial court has broad discretion in determining whether to award maintenance. *Alberty v. Alberty*, 260 S.W.3d 856, 859 (Mo. App. W.D. 2008). Thus, "[w]e review the trial court's decision on maintenance . . . for an abuse of discretion." *Shaw v. Shaw*, 413 S.W.3d 332, 334-35 (Mo. App. W.D. 2013). "A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to indicate indifference and a lack of careful judicial consideration." *Alberty*, 260 S.W.3d at 860. If reasonable persons could differ as to the propriety of the trial court's decision, then it cannot be said that the trial court abused its discretion. *Id.*

## Analysis

Wife argues on appeal that the trial court erred in denying her request for maintenance. Before addressing the merits of Wife's appeal, we must first address Husband's motion to dismiss the appeal. *Sparks v. Sparks*, 417 S.W.3d 269, 280-81 (Mo. App. W.D. 2013).

*Wife's Appeal Is Not Barred*

Husband's motion to dismiss argues that Wife's acceptance of a $35,000 asset equalization payment and Wife's acceptance of monthly truck payments constitute Wife's acceptance of the benefits of the Judgment, foreclosing her right to appeal the Judgment. Generally, "a party who voluntarily accepts the benefits of a judgment may not then prosecute an appeal to reverse it." *Id.* at 281.

> The reason for the rule is that a party cannot proceed to enforce and have the benefit of such portions of a judgment as are in his favor and appeal from those against it--in other words, the right to proceed on a judgment and enjoy its fruits and the right to appeal therefrom are totally inconsistent positions, and the election to pursue one course must be deemed an abandonment of the other.

*Hicks v. Hicks*, 859 S.W.2d 842, 845 (Mo. App. W.D. 1993). While Husband correctly cites to the general rule, his motion to dismiss fails to acknowledge an exception that is applicable to this case. *Sparks*, 417 S.W.3d at 281.

"[T]he general rule in regard to acquiescence in judgments should not be strictly applied in divorce cases because of the peculiar situations of the parties and the equitable considerations involved." *Hicks*, 859 S.W.2d at 845. Thus, we have discretion to determine whether to apply the general rule in a given case after considering all of the relevant circumstances. *Sparks*, 471 S.W.3d at 281. In making the determination, we consider several factors, including:

> (1) the amount received was a small portion of the total judgment; (2) the amount accepted has effectively been conceded to be due by a husband who did not appeal; (3) the acceptance of the benefits was due to financial distress; (4) there is an absence of prejudice to the judgment debtor husband; and (5) the only issue on appeal is whether an award will be increased.

5

*Id.*

In support of his motion, Husband attached copies of thirteen checks. One check was written to Wife in the amount of $35,000, the asset equalization payment required by the Judgment. The other twelve checks were monthly truck payments to the holder of the loan for the pickup truck awarded to Wife. Husband argues that the asset equalization payment and truck payments represent nearly one-third of Wife's entire award, suggesting that the amounts accepted by Wife are not insignificant.

The payments Husband relies on involve the trial court's division of marital property and debt. Husband has not appealed the division of marital property or debt. It is true that the division of marital property is considered when determining whether a spouse is entitled to maintenance pursuant to section 452.335.1.[2] However, Wife's acceptance of marital property awarded to her is not inconsistent with her position that she should nonetheless be entitled to an award of maintenance. Wife's claim on appeal would not impact the division of marital property and debt but would at best increase her award. Husband is not, therefore, prejudiced. Regardless of Wife's acceptance of the benefits of the Judgment involving the asset equalization payment and Husband's payment of the debt owed on the pickup truck, the issue on appeal remains the same. Did the trial court abuse its discretion in concluding that, pursuant to section 452.335.1, Wife is not entitled to maintenance because she neither (1) lacks sufficient property, including marital property apportioned to her by the Judgment, to provide for her reasonable needs, nor (2) is unable to support herself through appropriate employment?

---

[2]All statutory references are to RSMo 2000 as supplemented unless otherwise indicated.

6

Husband's motion to dismiss is denied.

### *The Trial Court Did Not Abuse Its Discretion in Denying Maintenance*

Section 452.335 describes a two-step process for determining whether to award maintenance. Section 452.335.1 requires a trial court to first decide whether a spouse is entitled to maintenance. That statute provides:

> [T]he court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance:
>
> (1)     Lacks sufficient property, including marital property apportioned to [her], to provide for [her] reasonable needs; and
>
> (2)     Is unable to support [her]self through appropriate employment . . . .

"The spouse seeking maintenance has the burden of establishing these threshold requirements." *Alberty*, 260 S.W.3d at 860. Only after these threshold requirements are proven by the spouse seeking maintenance may the trial court proceed to the second step: determining the amount and duration of the maintenance award.[3] *Id.*

Here, the trial court never reached the second step because it determined that Wife has sufficient property, including marital assets, to provide for her reasonable needs and

---

[3]Section 452.335.2 provides that, in calculating the amount and duration of a maintenance award, the trial court must consider all relevant factors, including:
   (1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;
   (2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;
   (3) The comparative earning capacity of each spouse;
   (4) The standard of living established during the marriage;
   (5) The obligations and assets, including the marital property apportioned to him and the separate property of each party;
   (6) The duration of the marriage;
   (7) The age, and the physical and emotional condition of the spouse seeking maintenance;
   (8) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance;
   (9) The conduct of the parties during the marriage; and
   (10) Any other relevant factors.

7

is able to support herself through appropriate employment. In other words, the trial court found that Wife failed to sustain her burden to establish the threshold requirements for receiving maintenance.

Wife asserts that the trial court failed to afford appropriate weight to the fact that she was a homemaker for the final eight to ten years of her marriage to Husband; that she was seventy years old at the time of trial; that she was only working part-time at an hourly rate of $13.50; that her wages left her unable to obtain a home of her own; and that she was unable to afford her truck payment and insurance premiums. Wife argues that this evidence demonstrated her entitlement to an award of maintenance.[4]

While Wife accurately recounts her testimony, she fails to account for contrary evidence which supports the trial court's Judgment. "[A] denial of maintenance will be affirmed on appeal when evidence exists that the party seeking the award can support herself with property or through employment." *In re Marriage of Koch*, 185 S.W.3d 812, 815 (Mo. App. S.D. 2006).

Wife testified that she considers herself to be in "pretty decent health" and that she does not have a disability that prevents her from working. Wife's paystubs demonstrated that, in the weeks leading up to trial, Wife worked eighty hours over a two-week period. Husband testified that he had located a full-time position for Wife that would pay $17.50 an hour, a position Wife declined only because she did not want Husband's assistance. The trial court concluded that Wife was capable of working forty hours per week at an

---

[4]Wife also argues that the lack of marital misconduct and Husband's ability to pay entitled her to maintenance. The conduct of the parties in the marriage and the ability to pay are relevant only to the calculation of the amount and duration of maintenance. Section 452.335.2. Thus, any inquiry into those factors would be inappropriate unless we conclude that Wife is entitled to maintenance pursuant to section 452.335.1.

8

hourly rate of $13.50, the hourly wage she was in fact earning. The trial court thus imputed to Wife a monthly gross income from employment in the amount of $2,340,[5] approximately $200 more than Wife reflected on her income and expense statement. "As a general rule, a trial court may impute income to a spouse based upon what he or she could earn using his or her best efforts to gain employment suitable to his or her capabilities." *Voinescu v. Kinkade*, 270 S.W.3d 482, 489 (Mo. App. W.D. 2008). The trial court's decision to impute a modest amount of additional income to Wife is supported by the evidence.

In addition, Wife was awarded a significant portion of the marital assets, her individual retirement account, and half of Husband's retirement account. Because of her age, Wife is required to take a yearly minimum distribution from her individual retirement account. In addition, Wife is eligible to receive distributions from Husband's retirement account. "While a spouse is not required to deplete or consume his or her portion of the marital assets before being entitled to maintenance, a court must consider whether the spouse can earn income from his or her share of the marital property." *Valentine v. Valentine*, 400 S.W.3d 14, 21 (Mo. App. E.D. 2013). The evidence supports the conclusion that retirement account distributions will supplement Wife's employment income and Social Security benefits.

The evidence also supports a conclusion that Wife's expenses were inflated on her income and expense statement. Wife admitted that she inflated her expenses for gas and

---

[5]The trial court also considered the fact that Wife's monthly income is supplemented by Social Security benefits in the amount of $1,265 per month.

oil for her vehicle, college, insurance, prescription drugs, utilities, and repair costs. Wife admitted that the $1,200 per month entry for rent or a mortgage payment is not being incurred because she lives with her daughter. While Wife indicated on her income and expense statement that she has a monthly truck payment of $651, the trial court assigned that martial debt to Husband. After considering the evidence, the trial court concluded that Wife's reasonable expenses were approximately $3,000 per month, and not $5,261 as Wife had claimed. This conclusion is supported by the evidence.

When comparing income to reasonable expenses, the trial court concluded that Wife had gross monthly income of $3,604[6] and access to retirement account distributions that combined to afford Wife sufficient property to provide for her reasonable needs. The trial court did not abuse its discretion in denying Wife maintenance.

Wife's point on appeal is denied.

### Conclusion

The trial court's Judgment is affirmed.

_Cynthia L. Martin_
Cynthia L. Martin, Judge

All concur

---

[6]The sum of Wife's imputed monthly employment income of $2,340 and monthly Social Security benefit of $1,265 is actually $3,605.

10