**Lois GOULD, Respondent,**

v.

**Boaz RAFAELI, Appellant.**

**No. 57024.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 30, 1990.

Mark D. Hirschfeld, Clayton, for appellant.

Rexford H. Caruthers, Martha L. Goodloe, St. Louis, for respondent.

CRIST, Judge.

Appellant-husband appeals the grant of partial summary judgment in a dissolution case. The trial court sustained respondent-wife's motion for partial summary judgment upholding the validity of an ante-nuptial agreement. The court erroneously found its order appealable, stating there was no just reason for delay. Appeal dismissed without prejudice.

Rule 74.01(b) provides in part:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim ... the court may enter judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

Thus Rule 74.01(b) applies only to an action in which more than one claim for relief is presented or when multiple parties are involved. *See Davis v. Dolgencorp, Inc.*, 774 S.W.2d 565, 567 (Mo.App.1989). Other states have addressed this precise issue. The Illinois Supreme Court states: "A petition for dissolution advances a single claim; that is, a request for an order dissolving the parties' marriage. The numerous other issues involved, such as custody, property disposition, and support are merely questions which are *ancillary* to the cause of action." *In Re Marriage of Leopando*, 96 Ill.2d 114, 70 Ill.Dec. 263, 449 N.E.2d 137 (1983).

Missouri law also supports this proposition that a dissolution of marriage and the disposition of marital property are not two separate claims. The purpose of Missouri's Dissolution of Marriage Act is to minimize necessity for recourse by the parties to subsequent litigation and to accomplish *in the judgment dissolving the marriage* a complete severance of unity of possession and title to property between the spouses. *Fields v. Fields*, 584 S.W.2d 163, 166 [7] (Mo.App.1979). Therefore, a proceeding for the dissolution of marriage must be fully adjudicated before it will be reviewed on appeal. *Spicer v. Spicer*, 585 S.W.2d 126, 130 (Mo.App.1979). Missouri courts have repeatedly held that where the trial court fails to completely divide the marital property, the judgment is not final and the appeal must be dismissed. *See Michael v. Michael*, 727 S.W.2d 424, appeal after remand 747 S.W.2d 645 (Mo.App.1987).

In this appeal, appellant seeks review of the trial court's decision on the ante-nuptial agreement before all the parties' rights have been adjudicated in the trial court. The dissolution has not yet been granted, and there are other issues yet to be determined in the case. Because the petition does not present more than one claim for relief, Rule 74.01(b) is inapplicable.

Appeal dismissed without prejudice.

GARY M. GAERTNER, P.J., and SIMON, J., concur.