**Sandy L. DUNAFON, Respondent,**

v.

**Darrell M. DUNAFON, Appellant.**

**No. WD 43753.**

Missouri Court of Appeals,
Western District.

Dec. 26, 1990.

**484**

Michael P. Riley, Jefferson City, for appellant.

Roger P. Krumm, Fulton, for respondent.

Before GAITAN, P.J., and TURNAGE and KENNEDY, JJ.

PER CURIAM:

In this case, the trial court entered a decree of dissolution of marriage dated May 9, 1990, reciting in the decree: "All other matters, including child custody and support, maintenance, and division of property and debts, are taken under advisement pending further hearing of this Court."

On May 15, 1990, wife filed "Motion to Vacate [May 9] Order or for New Trial." On August 14, 1990, the trial court entered an order that "[t]his court's order of May 9, 1990, is vacated and set aside."

Husband appeals from the August 14, 1990, order.

If the decree of dissolution was interlocutory when entered, and would not become final because there remained other issues to be disposed of, then the court retained jurisdiction of the decree purporting to dissolve the marriage and did not lose power to set the same aside when the 90 days passed after the filing of wife's "Motion to Vacate Order or for New Trial." *See Joy v. Safeway Stores, Inc.*, 755 S.W.2d 13, 14 (Mo.App.1988); *Thompson v. Hodge*, 348 S.W.2d 11, 13 (Mo.App.1961).

The decree of dissolution, however, was not interlocutory, and became final on August 13, 1990, when wife's "Motion to Vacate or for New Trial" was overruled by operation of law 90 days after filing. Supreme Court Rule 78.06; *State ex rel. Division of Family Services v. Duncan*, 782 S.W.2d 457, 461 (Mo.App.1990); *Southwestern Bell Telephone Co. v. Buie*, 758 S.W.2d 157, 162–63 (Mo.App.1988). Cases of this district hold on the basis of § 452.360.1, RSMo 1986, that the judgment of marriage dissolution is separate from the judgment disposing of the other issues of the dissolution case, such as child custody and support, maintenance, and division of property and debts. *Fischer v. Seibel*, 733 S.W.2d 469, 471–73 (Mo.App.1987); *In re Marriage of Jamison*, 592 S.W.2d 181, 183–84 (Mo.App.1979); *Fields v. Fields*, 584 S.W.2d 163 (Mo.App.1979); *State ex rel. Horridge v. Pratt*, 563 S.W.2d 168, 170–71 (Mo.App.1978).

Judgment reversed, and cause remanded with directions to reinstate decree of dissolution of May 9, 1990.