Patricia Breckenridge, judge
Jarrett Alan Archdekin ("Husband") appeals from the trial court's final judgment dissolving his marriage to Sybil Anne Archdekin ("Wife"). In 2013, the trial court initially entered its Interlocutory Judgment Entry for Dissolution of Marriage, which dissolved the marriage, divided a small amount of marital property, and, among other things, ordered Husband to pay Wife $1,500 per month in maintenance, retroactive to November 1, 2011. The interlocutory judgment, however, did not divide all the parties' property because of a bankruptcy stay. The trial court twice modified the interlocutory judgment to correct clerical errors and to attempt to authorize appeal of the interlocutory provisions pursuant to Rule 74.01(b). On April 19, 2016, the trial court entered its Final Judgment Entry and Dissolution of Marriage, which divided the remainder of the parties' property and, again, ordered Husband to pay Wife $1,500 per month in maintenance retroactive to November 1, 2011.
On appeal, Husband asserts the maintenance awarded in the interlocutory judgments was not final and was, thereby, erroneous because it was made prior to the final division of the parties' property and awarded maintenance retroactively. He also contends the trial court erred in finding Wife met the statutory criteria for maintenance and in the amount of maintenance awarded.
This Court finds the trial court's Second Amended Interlocutory Judgment was not a final, appealable judgment because it did not order a complete distribution of marital property. The trial court's award of maintenance, therefore, was not final until entry of the April 19, 2016 judgment. Likewise, the trial court's retroactive award of maintenance in the interlocutory judgments was erroneous because a retroactive maintenance award is not authorized under section 452.335.[1] Nevertheless, although the need for and amount of maintenance was erroneously determined prior to the final disposition of property, such error was not material because the final division of property did not make any significant change in the award of property to the parties.
Additionally, in its final judgment, the trial court erroneously applied a modification of maintenance standard based on the invalid award of maintenance from the interlocutory order. But Husband was not prejudiced by the application of the improper standard because the trial court *302 made alternative findings under the proper standard that did not materially change the award of maintenance.
Finally, the trial court did not misapply the law in determining Wife's need for maintenance or the amount of maintenance because any errors were not material and, therefore, do not require reversal of the maintenance award. The award of retroactive maintenance in the final judgment is reversed. In all other respects, the final judgment is affirmed.
Facts and Procedural History
Husband and Wife were married in 1994. Three sons were born of the marriage. For most of the marriage, Wife was a stay-at-home mother who worked occasional jobs babysitting and cleaning homes. Husband was a real estate developer. He owned or had a significant ownership interest in three businesses: Archdekin Investments, Inc., Earthworks Excavation Company, LLC, and The Commons Development Group, LLC. Husband and Wife personally guaranteed the businesses' debts, and the debts were cross-collateralized with numerous lending institutions. The parties' marital home, lake home, and automobiles were owned by the businesses, and the parties' personal expenses for mortgage payments, utilities, clothing, food, and credit cards were paid from funds of the businesses.
In 2011, the parties separated, and Wife filed a petition for dissolution of marriage. Husband filed a counter-petition for dissolution. Wife then filed a motion to join Husband's three businesses as necessary parties. The trial court sustained the motion, and the businesses were named as third-party respondents in Wife's first and second amended petitions for dissolution of marriage.[2] Trial was held February 23 and April 29, 2013. At the conclusion of the trial, the court took the matter under advisement. Before the trial court could enter a judgment, however, The Commons Development Group, LLC, filed for Chapter 11 bankruptcy, which resulted in an automatic stay of any litigation related to the company.
On July 23, 2013, the trial court entered its Interlocutory Judgment Entry for Dissolution of Marriage. In it, the trial court made the statutory findings required by section 452.305 for dissolution of marriage. The trial court found the best interests of the minor children were served by awarding Husband and Wife joint legal and physical custody and by ordering the parenting plan set out therein.
For purposes of child support and maintenance, the trial court found Wife's income as an administrative assistant at Missouri Western University was $2,142 per month and imputed income to Husband of $5,000 per month. The court found the presumed child support amount to be paid by Husband was $526. It then ordered Husband to pay Wife child support in the monthly amount of $454, retroactive to November 1, 2011, the month Husband first entered his appearance, and payable until the children are emancipated. The trial court also found Wife could not support herself with her income and the assets awarded to her and was entitled to $2,000 in monthly maintenance. But it ordered Husband to pay Wife $1,500 in monthly maintenance, retroactive to November 1, 2011. It also ordered that maintenance should continue until it is modified, either party is deceased, or Wife remarries. It further ordered Husband to pay Wife $5,000 for attorney fees and suit monies.
*303 The trial court awarded Wife a small checking account and a few items of marital and nonmarital household and personal goods of nominal value. Husband was awarded the remainder of the marital property, excluding the property and assets of the three businesses. Although the trial court found it was unable to assign a value to the three businesses, it found Husband had represented to financial institutions he had a net worth in excess of $7 million. The trial court further found the businesses were Husband's "alter ego" used to shield his income from creditors, and the "corporate veil should be pierced in order that equity be done in this case." The trial court "tabled" division of the property and assets of the three businesses until the "bankruptcy stay is lifted."
After hearing post-trial motions, the trial court entered its First Amended Interlocutory Judgment, correcting the presumed amount of child support and its finding as to the amount of maintenance to which Wife was entitled to match the $1,500 in monthly maintenance awarded. The trial court also added language that the judgment was "final for purposes of appeals as to all issues herein addressed."
Husband and the businesses filed notices of appeal. The court of appeals dismissed the appeals, finding the first interlocutory judgment was not appealable pursuant to Rule 74.01(b).
Archdekin Investments then filed for Chapter 11 bankruptcy. On January 14, 2014, the trial court entered a Second Amended Interlocutory Judgment Entry for Dissolution of Marriage identical to the first amended interlocutory judgment except for the addition of language that "there is no just reason for delay." Husband and the third-party respondents again appealed, but the court of appeals dismissed the appeals as untimely.
Husband filed a Motion to Reconsider and Terminate Maintenance Award, asserting for the first time that the trial court erred in ordering him to pay maintenance retroactive to November 1, 2011, because section 452.335 authorizes maintenance to be awarded only prospectively and Wife never filed a motion seeking temporary maintenance pendente lite. He further claimed the maintenance award was erroneous because section 452.335.1 required the court to divide the marital property before determining Wife's need for maintenance. The trial court overruled Husband's motion as untimely.
Husband then filed a motion to reopen the evidence and to amend the court's orders for parenting time and child support. The court heard evidence March 30, 2016, regarding the unresolved property issues and the pending motions. Before trial, the parties reached agreement regarding the division of property, division of debts, and modifications to the child custody and support orders. Wife then dismissed her third-party petition against the businesses.
On April 19, 2016, the trial court executed its Final Judgment Entry for Dissolution of Marriage with its final division of the parties' property and debts. Wife was not awarded any additional property or income producing property from the final division. Husband was awarded all interest in his three businesses, a partial interest in three subdivision lots, a vehicle, and miscellaneous personal property. The trial court also found income should be imputed to Husband due to his income-producing capabilities.
The trial court treated Husband's motion to amend as a motion to modify with the burden on Husband to prove there had been a substantial and continuing change of circumstances since the Second Amended Interlocutory Judgment. It found Husband *304 met that burden regarding child custody and support but not with respect to maintenance. In the alternative, the trial court found $5,000 in income should still be imputed to Husband and the calculation of maintenance should remain unchanged.
Husband appealed. After opinion by the court of appeals, the case was transferred to this Court. Mo. Const. art. V, sec. 10.
Husband now asserts six claims of error relating to the trial court's award of maintenance.[3] He asserts the trial court erred in declaring its Second Amended Interlocutory Judgment a final, appealable judgment because that judgment did not dispose of all pending issues in that it did not make a final division of marital property. He contends, because maintenance was awarded prior to a final division of the marital property, the second amended judgment was interlocutory and the trial court incorrectly applied the standard for modification of a maintenance award in its final judgment. He further claims the trial court erred in ordering retroactive maintenance because section 452.335 allows only prospective maintenance. Finally, Husband asserts the trial court erred by imputing income to him, considering the children's expenses and Wife's retirement contribution, and setting a maintenance amount that exceeded Wife's needs and his ability to pay.
Standard of Review
This Court must affirm a decree for dissolution of marriage "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). All evidence and reasonable inferences therefrom are viewed in the light most favorable to the trial court's judgment, and all evidence and inferences to the contrary are disregarded. Landewee v. Landewee , 515 S.W.3d 691, 694 (Mo. banc 2017). The party challenging the dissolution decree bears the burden of proving error. Cohen v. Cohen , 178 S.W.3d 656, 670 (Mo. App. 2005).
Finality of Maintenance Award
Husband asserts the trial court erroneously concluded the Second Amended Interlocutory Judgment was a final judgment because the judgment did not make a final division of the marital property. Relatedly, he claims the trial court erred in awarding maintenance prior to entry of the final judgment because section 452.335 requires a final property division precede the determination of whether maintenance is required and permits only prospective maintenance awards. He further contends the trial court erred in applying the modification of maintenance standard when adjudicating Wife's need for and the amount of maintenance in its final judgment.
A final, appealable judgment "resolves all issues in a case, leaving nothing for future determination." Gibson v. Brewer , 952 S.W.2d 239, 244 (Mo. banc 1997). Although Rule 74.01(b) allows a trial court to designate as final a judgment "as to one or more but fewer than all of the claims" and expressly determine "there is no just reason for delay," such judgment must adjudicate a minimum unit of at least one claim to be a final judgment. Comm. for Educ. Equal. v. State , 878 S.W.2d 446, 450 (Mo. banc 1994). "A judgment which resolves fewer than all legal issues as to any single claim for relief is not final notwithstanding the trial judge's designation as such." Id. (internal quotation omitted).
*305 In the context of a dissolution of marriage proceeding, "a petition for dissolution advances a single claim." Gould v. Rafaeli , 804 S.W.2d 758, 759 (Mo. App. 1990). Within that single claim are multiple issues, such as property division, child custody, and support, which must all be adjudicated for there to be a final judgment.[4] Id. In particular, a dissolution judgment must distribute all of the spouses' property to be a final judgment. Meltzer v. Meltzer , 775 S.W.2d 120, 121 (Mo. banc 1989) ; In re the Marriage of Nardini , 306 S.W.3d 165, 171 (Mo. App. 2010).
Here, all judgments prior to April 19, 2016, were labeled "interlocutory," and, within each judgment, the trial court stated it was not valuing or dividing the parties' marital interest in the three businesses due to a bankruptcy stay. Because the trial court did not make a complete division of the parties' marital property in any of the three interlocutory judgments, none was a final, appealable judgment. Id. This is true even though the trial court stated in its Second Amended Interlocutory Judgment the judgment was "final for purposes of appeal to all issues herein addressed, as there is no just reason for delay"
Until the April 19, 2016, Final Judgment Entry for Dissolution of Marriage, the trial court could set aside or modify any of its prior interlocutory orders/judgments. Upon entry of the trial court's final judgment on April 19, 2016, all prior interlocutory orders became final and appealable. See State ex rel. Koster v. ConocoPhillips Co. , 493 S.W.3d 397, 401 (Mo. banc 2016) (A "final judgment necessarily incorporates all prior orders or judgments that adjudicated some - but fewer than all - of the claims and the rights and liabilities of all the parties."). Consequently, the January 2014 "judgment" was not a final judgment, but was simply interlocutory.
Erroneous Application of the Modification Standard
Because the trial court erroneously concluded the Second Amended Interlocutory Judgment was final, it treated Husband's Motion to Reopen or Amend as a motion to modify and placed the burden on Husband to show a "substantial and continuing" change in circumstances since the Second Amended Interlocutory Judgment. The court went on to find Husband had failed to meet his burden and so no modification of the $1,500 maintenance award from the interlocutory order would occur.
Section 452.370 requires a party seeking modification of a maintenance provision to show "changed circumstances so substantial and continuing as to make the terms unreasonable." But as discussed above, the maintenance award in the Second Amended Interlocutory Judgment was not a final award of maintenance because the judgment did not dispose of all marital property. Therefore, the trial court misapplied the law by applying the modification standard provided in section 452.370.
Nevertheless, the trial court's error in applying the modification standard was not prejudicial to Husband because the trial court made an alternative holding *306 in the event the modification standard was not applicable. The trial court found, even if Husband did not have the burden of proving a substantial and continuing change in circumstances, $5,000 in income should still be imputed to Husband due to his income-producing capabilities and the calculation of $1,500 in maintenance should remain unchanged. Because the trial court made its alternative holding under the proper standard, Husband was not prejudiced by the extraneous holding under the erroneous modification standard.
Erroneous Retroactive Maintenance Award
Because the trial court's interlocutory award of maintenance became final only when the Final Judgment Entry for Dissolution of Marriage was entered, it is necessary to address Husband's claim that the trial court erred in ordering the award of maintenance retroactive to November 1, 2011.
"It is well-settled that § 452.335 only authorizes a prospective maintenance award." In re Marriage of Nardini , 389 S.W.3d 303, 304 (Mo. App. 2013). Therefore, a trial court is without authority to award retroactive maintenance. Cohen , 178 S.W.3d at 670. A prohibited retroactive maintenance award is one commencing at a date preceding the trial court's final judgment. Id.
In its April 19, 2016 Final Judgment Entry for Dissolution of Marriage, the trial court made a final division of assets and awarded Wife spousal maintenance in the amount of $1,500 per month to commence November 1, 2011. Because section 452.335 does not grant the court authority to award maintenance retroactively, the court erred in awarding maintenance to commence prior to the date it entered its final judgment unless it could have relied on other statutory authority for its retroactive award of maintenance.
While section 452.335 only speaks prospectively, the court may order maintenance to commence at a date prior to the final dissolution when a party has moved for temporary maintenance under section 452.315. Turner v. Turner , 214 S.W.3d 344, 346 (Mo. App. 2007). Section 452.315 provides, in pertinent part: "In a proceeding for dissolution of marriage ... either party may move for temporary maintenance.... The motion shall be accompanied by an affidavit setting forth the factual basis for the motion and the amounts requested." The filing of a pendente lite motion for temporary maintenance pursuant to section 452.315 is practically universal in cases in which an order for retroactive maintenance has been upheld by Missouri courts. See, e.g., Wendel v. Wendel , 72 S.W.3d 626, 631 (Mo. App. 2002). In extremely limited circumstances, retroactive maintenance has been upheld when the trial court expressly ordered temporary maintenance in pre-dissolution proceedings when the party ordered to pay agreed to it, thereby waiving any error in the lack of compliance with the statutory requirements for an award of temporary maintenance. In re Marriage of Hunt , 933 S.W.2d 437, 441 (Mo. App. 1996). When retroactive maintenance has been awarded but the party failed to file a pendente lite motion for temporary maintenance, Missouri appellate courts typically reverse a retroactive award. Wendel , 72 S.W.3d at 631.
Here, Wife filed a motion for child support pendente lite during the pendency of the dissolution proceedings, but she did not file a motion for temporary maintenance as required by section 452.315. Wife requested spousal maintenance in her petition and at the 2013 trial, but it was sought pursuant to the final dissolution, not as *307 temporary maintenance pending the proceedings.[5] At the time of the 2013 trial, it was unknown that The Commons Development Group, LLC, would file for bankruptcy and an automatic stay would preclude entry of a final judgment of dissolution. The case was tried with the intention that a final judgment would follow. As a consequence, at that time, Wife did not request temporary maintenance, implicitly or otherwise.
The language of the trial court's interlocutory judgments also demonstrates the trial court did not intend to award temporary maintenance because the language employed contradicts such an interpretation. The trial ordered Husband to pay maintenance each month "until the same is modified, either party is deceased, or [Wife] remarries." This demonstrates the trial court's clear, but mistaken, intention not to award temporary maintenance for the duration of the dissolution proceedings but, rather, to enter a final award of spousal maintenance. Accordingly, this Court will not construe the maintenance award to be temporary in nature.
Section 452.335, which controls the award of statutory maintenance, authorizes only a prospective award of maintenance from the date of the final judgment after all marital assets have been distributed. Accordingly, the trial court erred in ordering spousal maintenance to commence at a date prior to the date it entered its final judgment, and the portion of the final judgment awarding maintenance prior to April 19, 2016, is reversed.[6]
Determination of Need for Maintenance Erroneous but Not Prejudicial
Husband next claims the trial court erred in determining Wife was entitled to maintenance because its determination occurred prior to the final division of the parties' property. Section 452.335 governs spousal maintenance pursuant to a final judgment of dissolution of marriage. It provides a two-step process for an award of maintenance. Martin v. Martin , 483 S.W.3d 454, 459 (Mo. App. 2016).
Prior to determining the amount and duration of maintenance, the court must first determine there is a need for maintenance because the party seeking it lacks sufficient property to provide for the party's reasonable needs and is unable to support himself or herself through appropriate employment. Id. As a prerequisite to awarding spousal maintenance, section 452.335 requires the party seeking maintenance to establish he or she "[l]acks sufficient property, including marital property apportioned to him , to provide for his reasonable needs." (Emphasis added). Consequently, a final division of property must necessarily precede the maintenance determination when the court is awarding spousal maintenance pursuant to section 452.335. Vanderpool v. Vanderpool , 250 S.W.3d 791, 796 (Mo. App. 2008). The trial court, therefore, erred by awarding maintenance as part of its interlocutory order because section 452.335 authorizes maintenance only as part of a final judgment disposing of all property.
*308 Nevertheless, a party is not entitled to reversal of a judgment on appeal unless the error is material. Rule 84.13(b); section 512.160. The trial court's error in determining Wife's need for maintenance and the amount of maintenance prior to the final disposition of the property was not material. In its final division of property, no additional property was awarded to Wife; rather, she was awarded the same property as in the interlocutory judgments - property valued at only a few thousand dollars. Husband was awarded additional property in the final judgment, but that property had either nominal or no value. As a result, the property division in the interlocutory judgments upon which the trial court determined Wife had insufficient property, including marital property, to provide for her reasonable needs was virtually identical to the property division in the final judgment.
While Husband was ordered to pay and hold wife harmless on the millions of dollars the parties owed due to defaults on debts owed by the business entities,[7] the debts will be reduced by the proceeds of foreclosures and repossessions and sales of property. Husband was making no payments on those debts, and no efforts were being made to collect on any deficiencies remaining after the sales of the collateral. Furthermore, Wife testified she had been released on those debts, and Husband testified to his desire to file bankruptcy to be released from the debts. The only evidence of regular payments on an indebtedness was that Wife had paid a judgment against both parties for medical care for the children, reducing the amount owed on the judgment from $16,000 to $3,000. Accordingly, no error resulted from the trial court's award of maintenance prior to a final division of the marital property.
No Error in the Need for or Amount of Maintenance
Husband further asserts the trial court misapplied the law in its award of maintenance by imputing income to him, considering the children's expenses and Wife's contribution to her retirement account, and awarding a maintenance amount exceeding Wife's reasonable needs and his ability to pay. Such assertions are without merit.
Husband first contends income cannot be imputed to him without proof his diminished income was an attempt to evade his support obligations. He further asserts the imputation of income was against the weight of the evidence because it was not based on existing circumstances.
In support of his claims, Husband relies on Buchholz v. Buchholz , 166 S.W.3d 146 (Mo. App. 2005). In Buchholz , the court of appeals explained:
The theory behind imputing income to a spouse/parent is directed toward preventing a spouse from escaping responsibilities to the family by deliberately or voluntarily reducing his or her income. In order to avoid such a situation, a court may, in proper circumstances, impute an income to a spouse according to what that spouse could earn by use of his or her best efforts to gain employment suitable to that spouse's capabilities. What constitutes proper circumstances depends on the facts and must be determined on a case-by-case basis, but includes a situation where a parent *309 has voluntarily reduced his income without justification. Also included are situations where a parent involuntarily lost a job but, (1) failed to use his or her best efforts to obtain a new job, (2) refused to accept employment offers, or (3) failed to show that the unemployment was other than temporary.
Id. at 152-53 (internal quotations and citations omitted).
Husband, however, fails to cite any case from this Court imposing requirements like those in Buchholz to impute income. Furthermore, under the circumstances of this case, it is unnecessary for this Court to decide whether there must be proof of the intention to avoid paying support. Even in Buchholz , the court of appeals recognized the circumstances justifying the imputation of income are determined on a case-by-case basis and include circumstances when a spouse loses a job and fails to show the job loss is not temporary.
The circumstances of this case support the imputation of income to Husband. The record reflects Husband significantly underreported his income on his tax returns for two years during the pendency of the dissolution proceedings. He did not report payments of the family's personal expenses, including mortgages on two homes and utilities, the purchase of vehicles, food, and clothing from the funds of his business entities. The trial court also found Husband utilized the businesses as his alter ego and pierced their corporate veils.
Husband asserts circumstances changed so that the trial court's imputation of $5,000 in income to him is no longer supported. He testified his multimillion-dollar business entities have had their properties foreclosed or repossessed and he no longer has access to the funds of those corporations due to an economic downturn or, according to him, Wife's lack of cooperation after she filed the dissolution action. Husband also testified he was not offered the two jobs he applied for to manage commercial properties due to his arrest for failure to pay child support and maintenance and his bad credit.
Viewed in the light most favorable to the trial court's order, however, there was evidence Husband has experience performing excavation work and construction of residential and commercial buildings and Husband was getting back on his feet with the help of his parents. At the time of the 2016 hearing, Husband was operating as a contractor through a corporation owned by his parents, Alcosia, to construct a 9,000-square-foot strip mall. He was also constructing a stand-alone coffee shop that would be owned by his mother and girlfriend. Husband did not make the $53,000 he would have made as a contractor on the strip mall project because he was incarcerated for several months for failure to pay child support and maintenance, but his work through Alcosia was evidence of his earning potential. Additionally, he was in the process of bidding on two other projects and had sufficient funds to pay for his expenses on a vacation with his girlfriend.
"A circuit court's judgment is against the weight of the evidence only if the circuit court could not have reasonably found, from the record at trial, the existence of a fact that is necessary to sustain the judgment." Ivie v. Smith , 439 S.W.3d 189, 206 (Mo. banc 2014). "When the evidence poses two reasonable but different conclusions, appellate courts must defer to the circuit court's assessment of that evidence." Id. Accordingly, the imputation by the trial court of income of $5,000 per month to Husband was not against the weight of the evidence.
*310 Finally, Husband claims the trial court erred in its computation of the amount of maintenance because it included the children's expenses and Wife's retirement contribution and the amount awarded exceeded Wife's reasonable needs and Husband's ability to pay. While Wife's income and expense statements included expenses for the children and retirement contributions, the circuit court made no specific findings with respect to Wife's expenses other than she was "not capable of supporting herself through appropriate employment and the assets awarded to her in the Judgment." This finding is not a misapplication of the law or against the weight of the evidence regardless of any alleged errors in the calculation of Wife's income and expense statements.
At the 2016 hearing, Wife testified her only income is her annual salary of $25,135. She further testified her bank account currently had $900 and she owned no motor vehicle. Wife testified she owed a joint debt with Husband for $16,000 for which her wages were being garnished. In an attempt to stop the garnishment, she had recently paid the debt down to $3,000 without Husband's assistance. Wife also testified she could not pay her bills without maintenance. She further testified she borrows money from her parents as needed and her father gives her $500 to make rent payments.
Again, a judgment is not against the weight of the evidence unless "the circuit court could not have reasonably found, from the record at trial, the existence of a fact that is necessary to sustain the judgment." Ivie , 439 S.W.3d at 206. Additionally, in a court-tried case, a "trial court is free to believe or disbelieve all, part or none of the testimony of any witness." Sch. Dist. of Kansas City v. State , 317 S.W.3d 599, 612 (Mo. banc 2010). Therefore, the trial court could believe Wife's testimony that her expenses exceeded her income and the assets awarded in the judgment and, as a result, she was unable to support herself. Accordingly, Husband fails to establish any inaccuracies in Wife's expense report resulted in an erroneous award of maintenance.
Conclusion
The Second Amended Interlocutory Judgment did not order a complete division of marital property and, therefore, was not a final dissolution decree. Rather, the trial court's interlocutory judgments did not become final until the final judgment was entered April 19, 2016. Because section 452.335 authorizes maintenance to be awarded only prospectively from the date of the final dissolution, the trial court erred in ordering maintenance payments to begin at a date prior to its final judgment. The award of retroactive maintenance is reversed.
Although the trial court erred by applying the modification standard in its final judgment and determining the need for and amount of maintenance prior to the final division of property, those errors were not material or prejudicial. Finally, the trial court did not misapply the law in determining Wife was entitled to maintenance or in its calculation of the maintenance amount. Accordingly, the judgment is affirmed in all other respects.
All concur.

All statutory references are to RSMo 2000, unless otherwise indicated.

Wife filed a third amended petition incorporating all allegations of her second amended petition but adding a request that her maiden name be restored.

Husband's claims of error are considered out of order for ease of analysis.

However, a "judgment of marriage dissolution is separate from the judgment disposing of the other issues of the dissolution case, such as child custody and support, maintenance, and division of property and debts." Dunafon v. Dunafon , 800 S.W.2d 483, 484 (Mo. App. 1990). Therefore, a court may enter a judgment dissolving the marriage that is final and appealable regarding only the dissolution of the parties' marriage, but all other issues including maintenance, division of property, and child custody and support must be completely adjudicated for there to be a final judgment as to the other issues in the case. Id. ; see also section 452.360.1.

Section 452.315.6(3) provides temporary maintenance terminates upon a final judgment, so it is nonsensical to construe her request at trial as one for temporary maintenance that, if granted, would cease as soon as the court issued its final judgment.

At the 2016 hearing, Husband's testimony indicated he expected Wife to repay him any retroactive maintenance paid if he proved successful in having the award of retroactive maintenance reversed as improper. The issue of whether Husband is entitled to recoupment of such payments is not an issue for resolution by this Court in this appeal.

The provision in the final judgment that Husband was to hold Wife harmless on the debts of the business entities is at odds with Husband's testimony in the March 2016 hearing that the parties' agreement resolving division of the marital properties and debt was that Husband was not indemnifying Wife from any personal guarantees she had signed for the businesses.