In the Missouri Court of Appeals
 Western District

HANNAH WALDENVILLE, )
 Respondent, )
v. ) WD84211
 )
SCOTT WALDENVILLE, ) FILED: September 7, 2021
 Appellant. )

 APPEAL FROM THE CIRCUIT COURT OF CLAY COUNTY
 THE HONORABLE KATHRYN E. DAVIS, JUDGE

BEFORE DIVISION ONE: LISA WHITE HARDWICK, PRESIDING JUDGE, ALOK AHUJA,
 AND ANTHONY REX GABBERT, JUDGES

 Scott Waldenville (“Husband”) appeals from the circuit court’s order for

temporary child support issued during his marriage dissolution proceedings.

Husband raises eight points on appeal, each challenging the temporary order.

Hannah Waldenville (“Wife”) contends that we lack jurisdiction to hear the case

because the temporary order was not a final, appealable judgment denominated

under Rule 74.01. Alternatively, she contends the appeal is moot. For reasons

explained herein, we dismiss the appeal.

 FACTUAL AND PROCEDURAL HISTORY

 In March 2020, Wife filed a petition to dissolve her marriage to Husband.

Wife then filed a motion for temporary child support on November 10, 2020. The
circuit court issued an order for temporary child support against Husband on

November 19, 2020. The order awarded Wife temporary child support of

$1,226.00 to be paid monthly, along with $563.00 per month in arrearage until

paid in full. The order further ordered Husband to pay Wife $4,000.00 in

attorney’s fees.

 On May 19, 2021, the circuit court issued its final judgment on the parties’

dissolution of marriage. The final judgment on the dissolution of marriage

incorporated and continued the terms of the temporary support order, and also

added other additional obligations. Husband has since filed an appeal from that

judgment in WD84677. Wife subsequently filed a motion to consolidate the

appeals, which we denied due to the jurisdictional deficiencies explained in this

opinion. The parties have yet to submit briefs or a record on appeal in WD84677.

Husband only appeals from the temporary order in this case.

 ANALYSIS

 Before we can review Husband’s eight points on appeal, we must consider

whether we have jurisdiction to hear this appeal. “A final judgment is a

prerequisite for appellate review, and if the judgment appealed is not final, we

lack jurisdiction and must dismiss the appeal.” Boomerang Transp., Inc. v.

Miracle Recreation Equip. Co., 360 S.W.3d 314, 316 (Mo. App. 2012). Wife argues

that Husband is appealing from a temporary order that is not a final, appealable

judgment.

 2
 After briefing was complete, Wife filed a Rule 4-3.3 letter of disclosure, in

which she acknowledged our history of finding temporary support orders

appealable as judgments pendente lite. A judgment pendente lite issues from a

motion for temporary relief in a dissolution of marriage proceeding and is treated

as a final, appealable judgment. Long v. Long, 469 S.W.3d 10, 12 n.1 (Mo. App.

2015) (“Pendente lite judgments issued pursuant to section 452.315 are final

judgments.”); Dubrovenskiy v. Vakula, 574 S.W.3d 287, 289-91 (Mo. App. 2019)

(allowing an appeal from a judgment pendente lite granting temporary spousal

maintenance during a dissolution of marriage proceeding). Our courts have long

treated motions pendente lite, such as those for temporary child support, as

independent causes of action. Tate v. Tate, 920 S.W.2d 98, 106 (Mo. App. 1996).

Thus, an order resolving a pendente lite motion is the final, appealable judgment

in that new and independent claim. Id.

 This practice is consistent with the decision in Archdekin v Archdekin, 562

S.W.3d 298, 305 (Mo. banc 2018), upon which Wife relied prior to filing her Rule 4-

3.3 disclosure letter. The circuit court in Archdekin attempted to issue an

interlocutory judgment conclusively resolving child and spousal support on a non-

temporary basis prior to issuing a final judgment on the dissolution of marriage.

Id. at 302-03. Our Supreme Court rejected that practice on the grounds that a

dissolution of marriage proceeding raises a single claim, and “the division of

property, child custody, and support” are merely issues to that claim. Id. at 305.

Therefore, the Court found that issues like non-temporary support may not be

 3
resolved in a piecemeal manner outside the final judgment on the dissolution of

marriage. Because there was no pendente lite motion to resolve in Archdekin, the

issues of child and spousal support remained just that—issues—which did not

meet Rule 74.01’s requirement that at least one claim be adjudicated for the

judgment to be final. Id. at 304-05. Pendente lite motions, however, essentially

create a new claim for, in this case, temporary support, which, when resolved,

may satisfy Rule 74.01 as disposing of at least a single claim. See Noll v. Noll, 286

S.W.2d 58, 64-65 (Mo. App. 1956). Because the decision in Archdekin did not

relate to pendente lite claims, it is not dispositive here.

 Nevertheless, we lack jurisdiction because judgments and final judgments

must be denominated as such under Rule 74.01 to be appealable, which did not

occur in this case. Meadowfresh Sols. USA, LLC v. Maple Grove Farms, LLC, 578

S.W.3d 758, 762 (Mo. banc 2019). Therefore, the order for temporary child

support before us is neither a judgment nor a final judgment from which an

appeal may be taken.

 Husband contends that denomination is not required for appealability under

the Supreme Court’s decision in Meadowfresh. In Meadowfresh, the Court

determined that interlocutory orders that are specifically made appealable by

statute do not need to be denominated a judgment under Rule 74.01. Id. In this

case, however, temporary child support orders are not specifically made

appealable by statute like the orders in Meadowfresh. See id. Therefore, the facts

of Meadowfresh do not apply either. As arising from neither a statutorily

 4
appealable order or a properly denominated final judgment, we do not have

jurisdiction to hear this appeal, and, accordingly, we must dismiss the appeal.

 Even if, arguendo, we did have jurisdiction, we would still have to dismiss.

Since Husband filed this appeal, the circuit court held a trial and issued a final,

appealable judgment on the parties’ dissolution of marriage, which includes an

order of child support that supersedes the temporary support order at issue in

each of Husband’s points on appeal. See Laubinger v. Laubinger, 5 S.W.3d 166,

175 (Mo. App. 1999). Because the order upon which this appeal was based is no

longer in effect, any decision we make on appeal would be moot and have no

practical effect on any existing controversy. See id.; State ex rel. KCP & L Greater

Missouri Operations Co. v. Missouri Pub. Serv. Comm’n, 408 S.W.3d 153, 160 (Mo.

App. 2013); Lucas v. Lucas, 307 S.W.3d 712, 714 (Mo. App. 2010) (finding

temporary orders superseded by the final dissolution of marriage judgment

rendered appeal of those orders moot). Nevertheless, the final judgment on the

dissolution of marriage incorporated the terms of the temporary support order,

and, because the parties have not yet submitted briefs in WD84677, Husband is

free to contest the validity of those terms as part of that separate appeal.

 Finally, Wife requests that we award costs for a frivolous appeal under Rule

84.19. After reviewing the record, applicable law, and the merits of each parties’

arguments, we deny the motion.

 5
 CONCLUSION

 The cause is dismissed for lack of jurisdiction. Wife’s Rule 84.19 motion is

denied.

 ____________________________________
 LISA WHITE HARDWICK, JUDGE
ALL CONCUR.

 6