

# Missouri Court of Appeals
## Southern District

### Division One

In Re the Marriage of:  )
TRACY LYNN HALL and KELLY  )
WAYNE HALL,  )
 )
TRACY LYNN HALL,  )
 )
        Petitioner-Respondent,  )
 )
v.  )    No. SD37056
 )    Filed: May 10, 2022
KELLY WAYNE HALL,  )
 )
        Respondent-Appellant.  )
 )

### APPEAL FROM THE CIRCUIT COURT OF CHRISTIAN COUNTY

Honorable Jessica L. Kruse, Associate Circuit Judge

**VACATED AND REMANDED WITH DIRECTIONS**

Kelly Hall (Husband) appeals from the trial court's judgment in this unusual marriage dissolution action. Husband raises three points. In Points 1 and 2, Husband contends the trial court erred by denying Husband's motions to reopen the evidence. Husband argues that the court should have granted the motions and received evidence that Tracy Hall (Wife) received proceeds from a nonmarital trust while the case was still pending. In Point 3, Husband contends the trial court erred in dividing the marital property

because the court failed to consider Wife's change in financial circumstances. Because Points 1 and 2 have merit, we vacate the judgment and remand with directions for further proceedings consistent with this opinion. Given that disposition, it is unnecessary to address Point 3.

*Factual and Procedural Background*

Wife filed a petition requesting a dissolution of the parties' marriage on January 9, 2017. On June 11, 2018, the trial court dissolved the marriage. Issues relating to division of property and debts remained pending. The trial was conducted on December 17, 2018 and January 3, 2019. At those hearings, the trial court received evidence regarding the parties' property and debts. Wife denied that she had a $400,000 trust and testified that it belonged to her mother (hereinafter referred to as Trust). Her mother (Mother) was present at the initial hearing. When the January 3rd hearing concluded, the court took the case under advisement.

Mother died on March 9, 2019, while the case was still pending. On April 3, 2019, Husband filed a motion to reopen the evidence. The motion alleged that, if Wife was a beneficiary of the Trust, the financial positions of the parties could be different than what was proven at trial. Several days later, the trial court denied the motion to reopen the evidence to receive information about the Trust. However, the court, on its own motion, reopened the evidence for counsel to submit a consolidated statement of property and debt pursuant to local rules.

On January 2, 2020, the trial court issued its first statement of marital and nonmarital property and debts. No nonmarital property was set aside to either party. Husband filed motions renewing his request that the court hear evidence about the Trust. These motions alleged, *inter alia*, that Wife was a beneficiary of the Trust and had received

2

$250,000 to $300,000 from the sale of Trust property. On April 3, 2020, the trial court denied Husband's request to present additional evidence concerning Wife's alleged receipt of Trust proceeds.

On April 16, 2020, Husband filed another motion to reopen the evidence. Two exhibits were attached to the motion. One exhibit was a notice that real and personal property from the Trust would be sold at auction on July 20, 2019. The second exhibit was a copy of a trustees' warranty deed, dated August 6, 2019, conveying real estate from the Trust to a purchaser. Wife was named as a co-trustee of the Trust in the warranty deed, and she executed the warranty deed in that capacity.

On April 21, 2020, Husband filed an affidavit in which he stated under oath that: (1) Wife was a co-trustee of the Trust; (2) she and her co-trustee sister sold 192 acres of land, as well as machinery, livestock, farm equipment, etc., at an estate sale; and (3) Wife received approximately $250,000 to $300,000 from the sale. After a telephone hearing on April 29, 2020, the trial court denied the motion to reopen. On May 7, 2020, the trial court entered a purported judgment stating that Exhibit 1, which divided the parties' property and debts, was attached to the judgment. No such exhibit was attached.

Husband filed a notice of appeal in June 2020. On February 19, 2021, this Court issued a mandate dismissing the appeal for lack of a final judgment. Although the judgment referenced an exhibit dividing the parties' property and debts, that document was not attached. That same day, the trial court issued a judgment that contained the attached Exhibit 1. This exhibit did not set aside any nonmarital property to either party. This appeal followed.

3

*Discussion and Decision*

Husband's first two points contend the trial court abused its discretion by denying Husband's multiple requests to reopen the evidence so the court could receive evidence of Wife's alleged receipt of substantial proceeds from the sale of Trust property while the case was pending. Husband argues that it would not have been inconvenient or unfair to reopen the evidence for this purpose, and such evidence could have affected the division of property. As Husband correctly notes, the trial court was required, when dividing the marital property and debts, to consider the economic circumstances of each spouse at the time the division of property was to become effective and the value of the nonmarital property set apart to each spouse.

We review a trial court's ruling on a request to reopen the evidence for an abuse of discretion. *See Grogan v. Grogan*, 618 S.W.3d 678, 682 (Mo. App. 2021). When there is no inconvenience to the court or unfair advantage to one of the parties, it is an abuse of discretion for a trial court to refuse to permit the introduction of material evidence which might substantially affect the merits of the case. *See In re Marriage of Parmenter*, 81 S.W.3d 234, 240 (Mo. App. 2002); *In re Estate of Viviano*, 624 S.W.2d 130, 133 (Mo. App. 1981).

The final judgment dividing the parties' property and debts was not entered until February 19, 2021. Husband argues that he asked the trial court, on multiple occasions prior to that date, to reopen the evidence with respect to the alleged Trust proceeds. According to Husband: (1) the trial court had ample time to do so; (2) it would not have been inconvenient or unfair to reopen the evidence for that purpose; and (3) after denying Husband's request, the trial court reopened the evidence on its own motion and required

4

the parties to submit consolidated statements of property and debt. According to Husband, the trial court abused its discretion by denying Husband's motions to reopen. We agree.

A trial court's disposition of property and debts in a dissolution action is governed by § 452.330. In pertinent part, it states:

> In a proceeding for dissolution of the marriage[,] *the court shall set apart to each spouse such spouse's nonmarital property* and shall divide the marital property and marital debts in such proportions as the court deems just after considering all relevant factors including:
>
> (1) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children;
>
> (2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;
>
> (3) *The value of the nonmarital property set apart to each spouse*;
>
> (4) The conduct of the parties during the marriage; and
>
> (5) Custodial arrangements for minor children.

§ 452.330.1 (italics added).[1] This statute creates a two-step process for trial courts to follow when dividing property in a dissolution action. *See **In re Marriage of Wood***, 262 S.W.3d 267, 272 (Mo. App. 2008). First, the court must determine and set aside to each spouse their own nonmarital property, then justly divide the remaining marital property and debts. *Id*. The court must make specific findings of fact as to what assets are subject to division as marital property, and what assets are considered nonmarital and therefore not subject to division. *Id*. "Such an identification of property is the necessary antecedent of a subsequent just division of marital property." *Id*. at 273 (citation omitted).

---

[1] All references to statutes are to RSMo (2016). All references to rules are to Missouri Court Rules (2018).

Furthermore, if there is evidence that a spouse has nonmarital property, it must be set aside to that party for the judgment to be final. *See **Archdekin v. Archdekin***, 562 S.W.3d 298, 305 (Mo. banc 2018) (a dissolution judgment must distribute all of the spouses' property to be a final judgment); ***Fregeau v. Fregeau***, 580 S.W.3d 92, 96 (Mo. App. 2019) (because there was evidence of nonmarital property that had not been set aside to the proper spouse, the judgment was not final).

The marriage of Husband and Wife was dissolved by the trial court on June 11, 2018. Neither Husband nor Wife filed a timely post-trial motion after that ruling, so it became final 30 days later. *See* § 452.360.1; Rule 81.05(a)(1); ***Archdekin***, 562 S.W.3d at 305 n.4; ***Dunafon v. Dunafon***, 800 S.W.2d 483, 484 (Mo. App. 1990). Property acquired by either spouse after that date would not be presumed to be marital. § 452.330.3; *see, e.g.*, ***Moore v. Moore***, 111 S.W.3d 530, 534 (Mo. App. 2003) (trust monies will only be deemed acquired during marriage if the spouse received the money, or had a right to receipt of the money, prior to the marriage being dissolved).

During the trial held on December 17, 2018 and January 3, 2019, Wife testified that the Trust belonged to Mother, who was present at the initial hearing. Husband's motions to reopen the evidence alleged that the circumstances changed when Mother died on March 9, 2019.[2] Husband presented an affidavit swearing that Wife was a co-trustee of the Trust and had received $250,000 to $300,000 in proceeds from the sale of Trust property in 2019. The trial court denied Husband's requests to reopen. After reviewing the record, we

---

[2] We reject Wife's argument that Husband invited the error by failing to pursue information about the terms of the Trust, not deposing Mother prior to trial, not serving a *subpoena duces tecum* on Mother, and not questioning Mother during trial about Wife's beneficiary interest in the Trust. Husband was entitled to rely upon Wife's sworn testimony at trial that the Trust belonged to Mother.

conclude, on these unusual facts, that the trial court's rulings were an abuse of discretion. Husband's motions and affidavits apprised the court of possible substantial nonmarital property belonging to Wife. Husband asked to be permitted to present evidence on that issue. If Wife did receive such nonmarital property prior to the February 2021 judgment, the trial court was required to set that property aside to Wife and consider her receipt of the same as a factor in deciding how to divide the parties' marital assets and debts. *See* § 452.330.1. The trial court's failure to grant the motions to reopen the evidence was an abuse of discretion. Therefore, Points 1 and 2 are granted. Given our disposition, Point 3 need not be addressed.

The February 2021 judgment is vacated. The cause is remanded with directions for the trial court to reopen the evidence with respect to whether Wife received nonmarital property as the result of the sale of Trust property, and for further proceedings consistent with this opinion after that evidence is received.

JEFFREY W. BATES, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCUR

JACK A. L. GOODMAN, J. – CONCUR